ALAIN C. BALMANNO (3985)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: abalmanno@agutah.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, and DENISE DEARING,<br><br>Defendant. | **DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:21-cv-00114-BSJ<br><br>Judge Bruce S. Jenkins |

Defendants University of Utah and Denise Dearing, by and through counsel, Alain C. Balmanno, Assistant Utah Attorney General, hereby submit this Motion for Partial Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

i

# TABLE OF CONTENTS

INTRODUCTION AND RELIEF SOUGHT ............................................................1

LEGAL STANDARD ..............................................................................................2

ARGUMENT ............................................................................................................2

    1. COA1, Violation of the Utah Protection of Public Employees Act against the University, must be dismissed for failure to exhaust mandatory administrative remedies. ................................................................................2

    2. COA3, Deprivation of Plaintiff's Property Interest Without Due Process, COA4, Deprivation of Plaintiff's Liberty Interest, and COA5, Deprivation of Plaintiff's First Amendment Rights, brought pursuant to 42 U.S.C. § 1983, against the University of Utah and Dearing, in her official capacity must be dismissed because the University is not a person for purposes of 42 USC § 1983, and because suing a government employee in her official capacity is equivalent to suing the government employer. ............................3

CONCLUSION .......................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

CASES

*Berkshire v. Herbert*,
 2018 WL 3599207 (D. Utah June 7, 2018) ............................................................ 2

*Brandon v. Holt*,
 469 U.S. 464, (1985) .............................................................................................. 3

*Burnett v. Fallin*,
 785 F. App'x 546 (10th Cir. 2019) ......................................................................... 5

*Colony Ins. Co. v. Burke*,
 698 F.3d 1222 (10th Cir. 2012) .............................................................................. 2

*Duncan v. Gunter*,
 15 F.3d 989 (10th Cir. 1994) .................................................................................. 5

*Hartford Cas. Ins. v. Swapp Law, PLLC*,
 358 F. Supp. 3d 1210 (D. Utah 2018) .................................................................... 2

*Howlett v. Rose*,
 496 U.S. 356, (1990) .............................................................................................. 4

*Kentucky v. Graham*,
 473 U.S. 159 (1985) ............................................................................................... 4

*Kitchen v. Herbert*,
 755 F.3d 1193 (10th Cir. 2014) .............................................................................. 5

*Monell v. New York City Dept. of Social Servs.*,
 436 U.S. 658 (1978) ............................................................................................... 4

*Ponca Tribe of Indians of Oklahoma v. Cont'l Carbon Co.*,
 439 F. Supp. 2d 1171 (W.D. Okla. 2006) .............................................................. 2

*Roach v. Univ. of Utah*,
 968 F. Supp. 1446 (D. Utah 1997) ......................................................................... 4

*Watson v. University of Utah Medical Center*,
　75 F.3d 569 (10th Cir.1996) .................................................................................. 4

*Will v. Michigan Dep't of State Police*,
　491 U.S. 58, (1989) ............................................................................................ 3, 5

STATUTES

Utah Code Ann. 67-21-3.7 ........................................................................................ 3
Utah Code Ann. 67-21-4(1)(b)(ii)(A) ........................................................................ 2
Utah Code Ann. 67-21-4(1)(b)(ii)(B) ........................................................................ 3

RULES

Fed. R. Civ. P. 12(b) ................................................................................................. 2
Fed. R. Civ. P. 12(c) .............................................................................................. 1, 2
Fed. R. Civ. P. 56 ...................................................................................................... 6

## INTRODUCTION AND RELIEF SOUGHT

Plaintiff filed her complaint in State Court, bringing five causes of action (COA): a violation of the Utah Protection of Public Employees Act against the University (COA1); a breach of contract against the University (COA2); a procedural due process claim pursuant to 42 U.S.C. § 1983 against the University and Defendant Dearing in her individual and official capacities (COA3); a deprivation of liberty interest claim pursuant to 42 U.S.C. § 1983 against the University and Defendant Dearing in her individual and official capacities (COA4); and a deprivation of First Amendment speech rights pursuant to 42 U.S.C. § 1983 against the University and Defendant Dearing in her individual and official capacities (COA5).

Defendants removed the case to this Federal Court on February 25, 2021, and filed an Answer on March 3, 2021, preserving all affirmative defenses in the Answer. Defendants now move for partial judgment on the pleadings. Specifically, Defendants seek judgment on the pleadings for COA1 because Plaintiff did not exhaust her mandatory administrative remedies, thus depriving the Court of subject matter jurisdiction, and for COA3, COA4, and COA5, against the University and against Defendant Dearing in her official capacity, because the University is not a person for purposes of 42 USC § 1983, and because suing a government employee in her official capacity is equivalent to suing the government employer.

1

## LEGAL STANDARD

Courts usually evaluate "a Fed. R. Civ. P. 12(c) motion using the same standard as a Fed. R. Civ. P. 12(b) motion." *Hartford Cas. Ins. v. Swapp Law, PLLC*, 358 F. Supp. 3d 1210, 1213 (D. Utah 2018) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)). Further, a "Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction may be treated as a Rule 12(b)(1) motion to dismiss the complaint." *Berkshire v. Herbert*, No. 2:17-CV-1322 DN, 2018 WL 3599207, at *1 (D. Utah June 7, 2018), *report and recommendation adopted,* No. 2:17-CV-1322 DN, 2018 WL 3598518 (D. Utah July 26, 2018). *See also* *Ponca Tribe of Indians of Oklahoma v. Cont'l Carbon Co.*, 439 F. Supp. 2d 1171, 1173 (W.D. Okla. 2006).

## ARGUMENT

**1. COA1, Violation of the Utah Protection of Public Employees Act against the University, must be dismissed for failure to exhaust mandatory administrative remedies.**

The Utah Public Employees Act (UPPEA) provides that an employee of a state institution of higher learning "may bring a civil action … within 180 days after the day on which the employee has exhausted administrative remedies." Utah Code Ann. 67-21-4(1)(b)(ii)(A). The UPPEA requires that state institutions of higher learning establish independent personnel boards to conduct administrative

review of employee complaints alleging adverse action. Utah Code Ann. 67-21-3.7. The Act provides that an employee of a state institution of higher learning "may not bring a civil action … until the employee has exhausted administrative remedies." Utah Code Ann. 67-21-4(1)(b)(ii)(B).

Plaintiff has not exhausted the mandatory administrative remedies required by the UPPEA, and the Complaint is devoid of an assertion that she has exhausted those remedies. Because she has not complied with the Act, this Court does not have subject matter jurisdiction to hear Plaintiff's complaint pursuant to the UPPEA, and Plaintiff's First Cause of Action must be dismissed.

**2. COA3, Deprivation of Plaintiff's Property Interest Without Due Process, COA4, Deprivation of Plaintiff's Liberty Interest, and COA5, Deprivation of Plaintiff's First Amendment Rights, brought pursuant to 42 U.S.C. § 1983, against the University of Utah and Dearing, in her official capacity must be dismissed because the University is not a person for purposes of 42 USC § 1983, and because suing a government employee in her official capacity is equivalent to suing the government employer.**

The United States Supreme Court has made clear that the state itself is not a person for purposes of 42 USC § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.*, at 71 (citing to *Brandon v. Holt,* 469 U.S. 464, 471, (1985)).

3

The Tenth Circuit has ruled that the University of Utah is an arm of the state and therefore not a person within the meaning of § 1983. *Watson v. University of Utah Medical Center,* 75 F.3d 569, 574 (10th Cir.1996). *See also Howlett v. Rose,* 496 U.S. 356, 376, (1990) (holding that even in situations in which a state has waived its Eleventh Amendment immunity, since the Court has construed the word "person" in § 1983 to exclude states, neither federal or state courts may entertain a § 1983 action against such a defendant); and *Roach v. Univ. of Utah*, 968 F. Supp. 1446, 1451 (D. Utah 1997) (applying the same).

Therefore, Plaintiff's COA3, COA4, and COA5 against the University must be dismissed with prejudice.

Official capacity suits represent another way to plead an action against a governmental entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). A suit against a government officer in her official capacity is not a suit against the individual, but rather is a suit against the individual's office, which is the real party in interest. *Id.* at 165-66. Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. As the Tenth Circuit has made clear, "Neither states

nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).

Finally, although it is well recognized that suits against a state official in her official capacity are not treated as actions against the state when sued for injunctive relief (*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, (1989)), Plaintiff cannot seek any prospective, injunctive relief against Defendant Dearing. As acknowledged by Plaintiff in her Complaint, Defendant Dearing is no longer in a position to implement any injunctive relief. *See* Complaint, Doc 2-2, para. 44. As such she cannot be sued in her official capacity. *See Kitchen v. Herbert,* 755 F.3d 1193, 1201 (10th Cir. 2014) (A state official sued in his official capacity for injunctive relief "must 'have some connection with the enforcement' of a challenged provision"); *Burnett v. Fallin*, 785 F. App'x 546, 549, note 1 (10th Cir. 2019) (Defendants no longer DOC employees and BOC members. "As such, these defendants cannot be sued in their official capacities because they cannot implement injunctive relief.")

Therefore, all causes of action against Defendant Dearing in her official capacity must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Partial Summary Judgment. This will leave Plaintiff's breach of contract against the University (COA2), and the federal causes of action against Defendant Dearing in her individual capacity (COA 3-5) as to which Defendants intend to bring a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

DATED: March 15, 2021.

        SEAN D. REYES
        Utah Attorney General

        */s/ Alain C. Balmanno*
        ALAIN C. BALMANNO
        Assistant Utah Attorney General
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021, I electronically filed the foregoing, *Defendants' Motion for Partial Judgment on the Pleadings*, using the Court's CM/ECF system, which gave notice to the following:

April L. Hollingsworth
Katie Panzer
HOLLINGSWORTH LAW OFFICE, LLC
1881 S. 1100 E.
Salt Lake City, UT 84105
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
*Attorneys for Plaintiff*

/s/ Lily Egginton