FILED
2022 OCT 17 AM 10:19
CLERK
U.S. DISTRICT COURT

CHRISTINE HASHIMOTO (15624)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: chashimoto@agutah.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINE MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, and DENISE DEARING,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:21-cv-00114-BSJ<br><br>Judge Bruce S. Jenkins |

This matter is before the Court based upon Defendants', the University of Utah's and Dr. Denise Dearing's, Motion for Summary Judgment on all of Plaintiff's causes of action. After hearing oral argument and considering the parties' written briefing on the motion[1], the Court GRANTS the Defendants' Motion for Summary

---

[1] Although the Court had already ruled from the bench in favor of Defendants on all causes of action Plaintiff filed "Plaintiff's Response to Defendants' Evidentiary

Judgment and finds for the Defendants on all cause of action for the reasons stated below.

## FACTS

Based on the parties' written briefs and oral argument, the Court finds Plaintiff's additional asserted facts immaterial and finds no genuine dispute of the facts asserted by Defendants. Accordingly, the Court finds the following facts undisputed: Plaintiff, Christine Medina, was hired in 2017 by the University of Utah School of Biological Sciences ("SBS") to serve as the director of their BioKids child care center.[2] Defendant Dr. Denise Dearing served as the Director of the SBS from 2018 to June 2020.[3] The SBS resides within the College of Science ("CoS") and is accountable to it.[4] During all relevant times Dr. Pearl Sandick served as the Associate Dean for the CoS and Dr. Peter Trapa served as the Dean of the CoS.[5]

In September 2019 the space in which the BioKids child care center resides flooded, requiring extensive repairs to the entire floor.[6] Seeing the flood as an

---

Objections" the next day. ECF No. 38. The Court has reviewed this motion and determined that it has no effect on its ruling and therefore makes no findings regarding the Plaintiff's responses to Defendants' objections.
[2] ECF No. 26 at SOF ¶ 2; ECF No. 26-2.
[3] ECF No. 26 at SOF ¶ 3; ECF No. 26-3 at 11:23-12:7.
[4] *Id.*
[5] ECF No. 26 at SOF ¶ 5; ECF No. 26-1 at 11:24-12:9, 23:3-23:6.
[6] ECF No. 26 at SOF ¶ 8; ECF No. 26-5 at 40:24-41:1.

opportunity to expand the BioKids child care center, Dean Trapa offered BioKids additional space and funding to expand.[7] Ms. Medina was tasked to serve as the expert who would advise on how to meet the CoS's and the SBS's goal to increase BioKids' capacity while also meeting state licensing requirements and obtaining National Association for the Education of Young Children ("NAEYC") accreditation.[8] NAEYC accreditation is optional, and not required in order to operate a child care center.[9] The CoS and the SBS proposed an expansion from 32 children to 12 infants, 12 toddlers, and 30 preschoolers.[10] These goals and expectations were communicated to Ms. Medina by Dr. Dearing and Associate Dean Sandick.[11]

As the expansion was underway Ms. Medina communicated concerns to Dr. Dearing and Associate Dean Sandick regarding the proposed number of children for the expansion.[12] The concerns related to licensing, NAEYC accreditation, and preserving the "culture" of BioKids.[13] However, in November 2019 Ms. Medina received a variance from the Utah Department of Health to have the requested

---

[7] ECF No. 26 at SOF ¶ 9; ECF No. 26-6; ECF No. 26-3 at 31:18-32:10.
[8] ECF No. 26 at SOF ¶¶ 10-11; ECF No. 26-7; ECF 26-3 at 41:1-7, 85:2-15; ECF No. 26-1 at 48:23-49:5.
[9] EFC No. 26 at SOF ¶ 12; ECF No. 26-8 at 2.
[10] ECF No. 26 at SOF ¶ 10; ECF 26-7.
[11] *Id.*
[12] ECF No. 26 at SOF ¶ 17; ECF No. 26-5 at 24:19-25:24; ECF No. 26-2 at ¶54.
[13] ECF No. 26 at SOF ¶ 14; ECF No. 26-9; ECF No. 26-1 at 54:2-8; ECF No. 26-5 at 102:9-13.

3

number of 12 infants.[14] By January 2020, Ms. Medina had all the necessary approvals from the Department of Health to operate at the CoS's and the SBS's requested capacities.[15] At no time during Ms. Medina's tenure or after it did the BioKids center ever operate outside the licensed capacity.[16]

Throughout the planning and construction of the new BioKids space, Ms. Medina made it clear that she was not in favor of the expansion as proposed by the SBS and the CoS.[17] Ms. Medina often served as an advocate for the parents of children in BioKids rather than as an advocate for the expansion as requested by the CoS.[18]

In March 2020, BioKids halted all on-campus child care services due to the COVID-19 pandemic.[19] With the future unknown and no revenue coming in for BioKids, SBS furloughed all of BioKids full-time staff, including Ms. Medina, on May 4, 2020.[20]

---

[14] ECF No. 26-26; ECF No. 26-27.
[15] ECF No. 26-28.
[16] ECF No. 26 at SOF ¶ 54; ECF No. 26-8 at 1.
[17] ECF No. 26 at SOF ¶ 15; ECF No. 26-5 at 62:20-23; ECF No. 26-3 at 38:11-23; ECF No. 26-1 at 35:16-36:20, 78:4-79:2, 49:8-50:4; ECF No. 26-10, ECF No. 26-11; ECF No. 26-12, ECF No. 26-13; ECF No. 26-14; ECF No. 26-15; ECF No. 26-16; ECF No. 26-17.
[18] ECF No. 26 at SOF ¶ 16; ECF No. 26-1 at 49:8-50:4; ECF No. 26-18; ECF No. 26-19; ECF No. 26-13, ECF No. 26-15, ECF No. 26-20; ECF No. 26-21; ECF No. 26-22; ECF No. 26-23; ECF No. 26-24; ECF No. 26-25.
[19] ECF No. 26 at SOF ¶ 28; ECF No. 26-37.
[20] ECF No. 26 at SOF ¶ 29; ECF No. 26-3 at 99:19-24; ECF No. 26-38.

During the pandemic, child care centers, including the ones at the University of Utah, faced challenging and frequently changing requirements for continued operation.[21] Faced by the difficulties of reopening BioKids in the middle of a pandemic the CoS reached out to the University's Center for Child Care & Family Resources ("CCFR"), which runs several on-campus child care centers, to discuss a transfer of management.[22] CCFR had maintained limited capacity child care services throughout the pandemic to service essential medical personnel.[23]

After negotiations, Dean Trapa, on behalf of the CoS, and Jerry Basford, Vice President for Student Affairs, on behalf of CCFR, entered into a standard one-year memorandum of understanding ("MOU") transferring management of BioKids to CCFR.[24] Both parties to the MOU anticipated that it would be an ongoing arrangement with the MOU renewed yearly.[25]

---

[21] ECF No. 26 at SOF ¶ 31; ECF No. 26-3 at 119:14-121:16.
[22] ECF No. 26 at SOF ¶¶ 24 and 33; ECF No. 26-34 at 6:18-20; ECF No. 26-35 at 13:4-8; ECF No. 26-3 at 73:22-74:5, 119:14-121:16; ECF No. 26-1 at 65:2-66:11; ECF No. 26-34 at 9:23-10:4; ECF No. 26-40 at UofU 0000349.
[23] ECF No. 26 at SOF ¶ 30; ECF No. 26-35 at 15:16-25; ECF No. 26-34 at 9:23-10:4; ECF No. 26-39 at UofU 005486.
[24] ECF No. 26 at SOF ¶¶ 35 and 41; ECF No. 26-35 at 19:16-19; ECF No. 26-1 at 84:2-4; ECF No. 26-3 at 121:23-122:8; ECF No. 26-41; ECF No. 26-35 at 26:20-27:6; ECF No. 26-34 at 10:4-10.
[25] ECF No. 26 at SOF ¶ 36; ECF No. 26-36 at 53:20-23; ECF No. 26-35 at 37:20-22; ECF No. 26-1 at 88:20-89:18.

Neither Ms. Medina, Dr. Dearing, nor Associate Dean Sandick notified CCFR of Ms. Medina's concerns regarding and resistance to the BioKids expansion.[26]

Due to an abundance of administrators already available within CCFR, CCFR declined to offer Ms. Medina a position upon the transition of BioKids to CCFR.[27] With no child care center remaining within the CoS or the SBS, there was no longer a need for Ms. Medina's position as director of a child care center within SBS.[28] On July 7, 2020, Ms. Medina was notified by Dr. Neil Vickers, new co-director for the SBS, that her position was being eliminated through a reduction in force pursuant to University Policy 5-110 and that as of August 7, 2020, she would no longer be employed with the University.[29] Dr. Vickers, as co-director of the SBS at the time, was the issuer of the notice of separation.[30] The notice included explicit language notifying Ms. Medina of her appeal rights under the reduction in force policy, including the policy for appeal, a timeline for the appeal, and the email address and

---

[26] ECF No. 26 at SOF ¶¶ 56-57; ECF 26-5 at 24:19-25:24; ECF No. 26-36 at 30:4-11; ECF No, 26-35 at 28:4-8; ECF No. 26-3 at 143:15-144:3.
[27] ECF No. 26 at SOF ¶ 39; ECF No. 26-36 at 64:19-65:15; ECF No. 26-35 at 28:12-20; ECF No. 26-34 at 20:6-13.
[28] ECF No. 26 at SOF ¶ 40; ECF No. 26-3 at 136:18-137:20.
[29] ECF No. 26 at SOF ¶ 43; ECF No. 26-43; ECF No. 26-44.
[30] *Id.*

6

phone number for the appeals coordinator who could answer any questions.[31] Ms. Medina did not appeal the separation.[32]

When the MOU with CCFR was not renewed the following year, Ms. Medina was offered her position back which she accepted.[33] Ms. Medina's offer letter was signed by the SBS co-directors Dr. Leslie Sieburth and Dr. Neil Vickers.[34] She was rehired as of September 2021 as the Director of BioKids and remains in that position today.[35]

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotation marks omitted). However, "the movant need not negate the nonmovant's claim, but need

---

[31] ECF No. 26 at SOF ¶ 47; ECF 26-47.
[32] ECF No. 26 at SOF ¶ 48; ECF 26-8 at 3.
[33] ECF No. 26 at SOF ¶¶ 51-53; ECF No. 26-36 at 54:1-12; ECF No. 26-35 at 46:17-24; ECF No. 26-44 at ¶ III(F)(2); ECF No. 26-5 at 28:17-20; ECF No. 26-48.
[34] ECF No. 26-48 at 2.
[35] ECF No. 26 at SOF ¶¶ 51-52; ECF No. 26-36 at 54:1-12; ECF No. 26-35 at 46:17-24; ECF No. 26-44 at ¶ III(F)(2); ECF No. 26-5 at 28:17-20; ECF No. 26-48.

only point to an absence of evidence to support the nonmovant's claim." *Id.* (alteration in original) (citation omitted). "If the movant carries this initial burden, the nonmovant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (citation omitted). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party on the issue." *Nahno-Lopez v. Houser,* 625 F.3d 1279, 1283 (10th Cir. 2010) (citation and internal quotation marks omitted). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim or defense." *Id.* (citation and internal quotation marks omitted).

## ANALYSIS

Plaintiff brought the following five causes of action: Violation of the Utah Protection of Public Employees Act – against the University of Utah; Breach of Contract – against the University of Utah; Deprivation of Plaintiff's Property Interest Without Due Process in Violation of 42 U.S.C. § 1983 – against Dr. Dearing in her personal capacity[36]; Deprivation of Plaintiff's Liberty Interest in Violation of 42

---

[36] Because Plaintiff had correctly conceded that her 42 U.S.C. § 1983 claims cannot be brought against the University and Defendant Dearing in her official capacity (ECF No. 9 at 2), this, and all other 42 U.S.C. § 1983 causes of action discussed below are only brought against Defendant Dearing in her personal capacity.

8

U.S.C. § 1983 – against Dr. Dearing in her personal capacity; and, Deprivation of Plaintiff's First Amendment Rights in Violation of 42 U.S.C. § 1983 – against Dr. Dearing in her personal capacity. Discovery was completed in this case on June 30, 2022. Based on the undisputed material facts the Court finds that Defendants are entitled to summary judgment on all claims.

### I. Liberty Interest

Ms. Medina acknowledges that any alleged defamatory statements about her were not made in the course of her termination and thus she cannot maintain her claim for deprivation of her liberty interest against Dr. Dearing. Therefore, the court grants summary judgment in favor of Dr. Dearing on Ms. Medina's liberty interest cause of action.

### II. Free Speech

Ms. Medina concedes that her communications were made pursuant to her official duties, such that she cannot prevail on her First Amendment claim. Therefore, the court grants summary judgment in favor of Dr. Dearing on Ms. Medina's free speech cause of action.

### III. Procedural Due Process

Ms. Medina was a University staff member holding a benefits eligible position who had a reasonable expectation of continued employment. Under the policies of

the University, which defined her employment rights, Ms. Medina's position was subject to Policy 5-110, Reduction in Force and Severance Pay ("RIF policy"). The RIF policy clearly states "this policy applies to all Staff Members holding Benefits Eligible positions who have completed their Probationary Period. It outlines the University Policy with respect to the reduction in force."[37] Upon the elimination of her position within the SBS, Ms. Medina was terminated pursuant to this policy.

Per the policy Ms. Medina was notified that she had the right to appeal the termination. Ms. Medina did not appeal her termination. Failure to exercise one's due process rights results in waiver of the same rights. See *Pitts v. Board of Educ. of U.S.D. 305,* 869 F.2d 555, 557 (10th Cir.1989); *Lee v. Regents of University of California,* 221 Fed.Appx. at 714; *Kirkland v. St. Vrain Valley Sch. Dist. No. Re–1J,* 464 F.3d 1182, 1194–95 (10th Cir.2006)(citing *Sandoval v. Boulder,* 388 F.3d 1312, 1328–29 (10th Cir.2004)). The Court finds that Ms. Medina's failure to avail herself of the available process waived her right to her procedural due process claim.

Alternatively, Ms. Medina has failed to identify a causal connection between the reduction in force and any particular action taken by Dr. Dearing. The Court notes that Dean Trapa and Jerry Basford made the decision to transfer management of BioKids to CCFR. CCFR leadership made the decision not to retain Ms. Medina

---

[37] ECF 26-44 at ¶ I.

as the director of BioKids. Dr. Neil Vickers, who was serving as co-director of the SBS, replacing Dr. Dearing, signed the reduction in force letter and officially released Ms. Medina from her employment. Failure to identify a particular action by the defendant to show how she personally interfered with a plaintiff's rights means the plaintiff cannot maintain a § 1983 claim against that defendant. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Ms. Medina has failed to identify any action taken by Dr. Dearing that would indicate that she interfered with Ms. Medina's procedural due process rights.

For the above reasons, the Court grants summary judgment in favor of Dr. Dearing on Ms. Medina's procedural due process cause of action.

### IV. Contract

Ms. Medina alleges that the University of Utah policies created an employment contract between herself and the University. The parties do not dispute that the policies in question created a contract. The Court finds that the University did not breach any provision of the policies.

As a staff employee Ms. Medina's position was subject to the University's RIF policy. Ms. Medina does not contest that this policy was adhered to in

eliminating Ms. Medina's position, rather, she asserts that she could only be terminated for cause. Ms. Medina failed to identify any provision of any policy or contract which supports this assertion.

Because Ms. Medina's employment was subject to the RIF policy, the policy was adhered to, and Ms. Medina has not identified any term or condition of any policy or contract which has been violated, the Court finds that there was no breach of contract. Therefore, the Court grants summary judgment in favor of the University of Utah on Ms. Medina's breach of contract cause of action.

### V. Utah Protection of Public Employees Act

Ms. Medina's final cause of action for violation of the Utah Protection of Public Employees Act ("UPPEA") fails on multiple grounds. The UPPEA provides that an employee cannot be retaliated against for a good faith report of "a violation or suspected violation of a law, rule, or regulation adopted under the law of this state, a political subdivision of this state, or any recognized entity of the United States[.]"[38] Utah Code Ann. § 67-21-3(1)(a)(ii). The Court finds that Ms. Medina does not receive the presumption of good faith, did not make a report in good faith, and did

---

[38] While other types of reports are also protected under the UPPEA, Ms. Medina only alleges that she made this type of report, so the Court does not need to address any of the other types of report. See ECF No. 26-2 at ¶ 52.

12

not make a qualifying report. Furthermore, Ms. Medina lacks any causal connection between the allegedly protected speech and the allegedly retaliatory action(s).

First, Ms. Medina does not get the statutory presumption that her speech was in good faith because she did not direct her report(s) to anyone identified in the statute or to anyone with authority over those whom Ms. Medina alleged were engaging in prohibited conduct.[39]

Second, many of Ms. Medina's reports were related to her own desire and the desires of parents of children already enrolled in BioKids to maintain the exclusivity of the program. In the end, Ms. Medina's objections to the expansion as proposed by the CoS and the SBS amounted to no more than disagreements about how the program should operate moving forward from the standpoint of best practices and desired culture. Such disagreements do not amount to a basis for a UPPEA report under Utah Code Ann. § 67-21-3(1)(a).

Third, Ms. Medina has failed to identify any qualifying reports of a violation or suspected violation of law. Ms. Medina in her role as the director of BioKids was tasked with determining how to meet the CoS and the SBS desired expansion goals while maintaining state licensing and NAEYC accreditation. In this role, Ms. Medina expressed her concerns in October and November 2019 that the requested

---

[39] Utah Code Ann. § 67-21-3(1)(b).

number of students would violate state licensing requirements, NAEYC guidelines, and affect the culture of BioKids. In November 2019, Ms. Medina received a variance from the Utah Department of Health to accommodate the requested class size for infants, and by January 2020, she had received all other approvals from the Utah Department of Health regarding the toddler and preschool classes. Ms. Medina admits that the BioKids program never operated outside the legally licensed parameters. The report of a possible future violation for which the employee was tasked to figure out how to avoid, does not qualify as a report of a violation or suspected violation of law under Utah Code Ann. § 67-21-3(1)(a)(ii).

Finally, Ms. Medina failed to identify a causal connection between any allegedly protected speech and the elimination of her position. The decision makers who chose not to retain Ms. Medina as director of BioKids were not informed by Ms. Medina, Dr. Dearing, or Associate Dean Sandick of any of Ms. Medina's complaints or resistance to the expansion. It is axiomatic that the decision makers could not have retaliated against Ms. Medina for any allegedly protected speech when they were unaware of the speech.

For these reasons the Court finds that Ms. Medina was not retaliated against in violation of the UPPEA and grants summary judgement to the University of Utah on Ms. Medina's UPPEA cause of action.

## CONCLUSION

For these reasons the Court GRANTS Defendants' Motion for Summary (ECF. No. 26) on all causes of action.

DATED BY THE COURT: 10/17/22

BRUCE S. JENKINS
United States District Judge

APPROVED AS TO FORM:

*Katie Panzer*\*
APRIL L. HOLLINGSWORTH
KATIE PANZER
*Attorneys for Plaintiff*
\*Signed with permission